## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CADIENT LLC (F/K/A HSG
SOLUTIONS LLC), A DELAWARE
LIMITED LIABILITY COMPANY,

             Plaintiff,

v.

KRONOS TALENT MANAGEMENT,
LLC, AN OREGON LIMITED
LIABILITY COMPANY, AND
KRONOS INCORPORATED, A
MASSACHUSETTS CORPORATION,

             Defendants.

CIVIL ACTION NO. <u>20-00773-CFC</u>

## DEFENDANTS KRONOS TALENT MANAGEMENT, LLC AND
## KRONOS INCORPORATED'S ANSWER TO AMENDED COMPLAINT

Defendants Kronos Talent Management, LLC ("KTM") and Kronos
Incorporated (KTM and Kronos Incorporated collectively, "Kronos") hereby answer
the Amended Complaint ("Complaint") of Plaintiff, Cadient LLC ("Cadient"). To
the extent not expressly admitted herein, the allegations of the Complaint are denied
by Kronos. The headings employed by Cadient throughout the Complaint and
opening paragraph are not assertions of law or fact, and therefore do not require a
response. To the extent that either the opening paragraph or headings contained in
the Complaint can be read to require a response, Kronos denies the allegations.

1.      Paragraph 1 of the Complaint purports to recite the terms of the Asset Purchase Agreement between Kronos and HSG Solutions LLC ("APA").  The allegations of paragraph 1 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required. Kronos refers to the APA for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA. Kronos denies the remaining allegations of paragraph 1, except it admits that Kronos and HSG Solutions LLC entered into the APA as of December 21, 2018.

2.      Denied.

3.      Denied.

4.      Kronos is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies such allegations, except it admits that, on information and belief, Cadient is a Delaware limited liability company with a principal place of business in Morrisville, North Carolina.

5.      Denied, except Kronos admits that KTM is an Oregon limited liability company and that, at the time of the APA, KTM was a provider of talent management solutions.

6.      Denied, except Kronos admits that Kronos Incorporated is a Massachusetts corporation with its principal place of business in Lowell,

Massachusetts, that Kronos Incorporated provides workforce management solutions, and that, at the time of the APA, Kronos Incorporated was the sole member of KTM.

7.      Paragraph 7 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Kronos will not contest that subject matter jurisdiction is proper in this judicial district for the purposes of this action only.  Kronos denies the remaining allegations of paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Kronos will not contest venue in this judicial district pursuant to 28 U.S.C. § 1391(a) for purposes of this action only.  Kronos denies the remaining allegations of paragraph 8 of the Complaint.

9.      Kronos admits that Kronos and HSG Solutions LLC entered into the APA as of December 21, 2018.  The remaining allegations of paragraph 9 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required. Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

10.    Kronos admits only that language quoted in paragraph 10 of the Complaint appears in Section 1.1 of the APA.  The APA is a document that speaks

for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

11.     Kronos admits only that language quoted in paragraph 11 of the Complaint appears in Article IX and Schedule 1.1(b) of the APA.  The remaining allegations of paragraph 11 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

12.     Kronos admits only that language quoted in paragraph 12 of the Complaint appears in Section 4.3 of the APA.  The remaining allegations of paragraph 12 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

13.     Paragraph 13 of the Complaint purports to describe certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  Kronos refers to the APA for the content thereof.  To

- 4 -

the extent a response is required, Kronos denies the allegations of paragraph 13 of the Complaint.

14.     Denied, except Kronos admits that the transaction contemplated under the APA closed on April 5, 2019.

15.     Denied.

16.     Kronos admits only that language quoted in paragraph 16 of the Complaint appears in Section 2.13(b) of the APA.  The remaining allegations of paragraph 16 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

17.     Kronos admits only that language quoted in paragraph 17 of the Complaint appears in Section 2.14(b) of the APA.  The remaining allegations of paragraph 17 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

18.     Denied.  To the extent paragraph 18 of the Complaint purports to describe certain terms of the APA or characterize any other document, those documents speak for themselves and, therefore, no further response is required.

Kronos refers to the APA and other documents referenced in paragraph 18 of the Complaint for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of said documents, but admits that, since the closing of the transaction contemplated under the APA, (i) Cadient has been granted access to, and has been using without any restriction imposed by Kronos, the software associated with licenses referenced in paragraph 18 of the Complaint, (ii) that Kronos has paid the fees associated with those licenses, (iii) that Cadient has declined to pay those fees or to reimburse Kronos for those payments as required by the APA, and (iv) that Cadient has breached the terms of the APA under which it claims to seek enforcement, and (v) has injured Kronos as a result.  For the avoidance of doubt, the APA controls which assets were and were not to be transferred under the APA.

19.     Denied.

20.     Denied.

21.     Kronos denies that paragraph 21 of the Complaint accurately quotes the APA.   The remaining allegations of paragraph 21 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.   Kronos refers to the APA for the content thereof. Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

22.    Kronos admits only that language quoted in paragraph 22 of the Complaint appears in Section 2.13(h) of the APA.  The remaining allegations of paragraph 22 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

23.    Denied, except Kronos admits that in 2019 it replaced three servers with new ones and carefully planned and executed the data transition from the original servers to the new servers.

24.    Denied.

25.    Denied.

26.    Denied, except Kronos only admits that Kronos and Cadient entered into a "Transition Services Agreement" ("TSA") dated April 5, 2019.  The remaining allegations of paragraph 26 of the Complaint purport to describe certain terms of the TSA and Exhibit A thereto, which are documents that speak for themselves and, therefore, no further response is required.  Kronos refers to the TSA and Exhibit A thereto for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the TSA or Exhibit A.

27.    Kronos denies that paragraph 27 of the Complaint accurately quotes the TSA.  The allegations of paragraph 27 of the Complaint seek to characterize the

TSA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the TSA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the TSA.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Paragraph 31 of the Complaint purports to describe certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the extent a response is required, Kronos denies the allegations of paragraph 31 of the Complaint.

32.     Kronos denies that paragraph 32 of the Complaint accurately quotes the APA.  The allegations of paragraph 32 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

33.     Kronos admits only that language quoted in paragraph 33 of the Complaint appears in the APA.  The allegations of paragraph 33 of the Complaint seek to characterize the APA, which is a document that speaks for itself and,

therefore, no further response is required.  Kronos refers to the APA for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

34.     Denied, except Kronos admits only that language quoted in paragraph 34 of the Complaint appears in Section 6.3(c) of the APA.  The remaining allegations of paragraph 34 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

35.     Denied, except Kronos admits that Edmund Park, Vice President of Corporate Development at Kronos Incorporated corresponded with Jim Buchanan, the Chief Executive Officer of Cadient, in October 2019.   To the extent the allegations of paragraph 35 of the Complaint seek to characterize a document, the document speaks for itself and no further response is required.  Kronos refers to that document for the content thereof.   Kronos denies any mischaracterization, incomplete or inconsistent characterization of said document.

36.     Paragraph 36 of the Complaint purports to describe certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the

extent a response is required, Kronos denies the allegations of paragraph 36 of the Complaint.

37.    Denied.

38.    Denied, except Kronos admits that Aztec Shops, Ltd. was a KTM customer as of October 2017 and that an email exchange occurred between Ms. Diane Griswold and Mr. Jon Puckett in May 2019.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the emails.

39.    Denied, except Kronos admits that an email exchange occurred between Ms. Diane Griswold and Mr. Jon Puckett in May 2019.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the emails.

40.    Kronos is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, therefore, denies such allegations.

41.    Denied, except Kronos admits that it received a letter from counsel for Cadient on or about December 11, 2019.

42.    Kronos admits only that the Young Men's Christian Association of the Triangle Area, Inc. was a KTM customer as of January 2, 2013.  The allegations of the second sentence of paragraph 42 of the Complaint seek to characterize the APA, which speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.   Kronos denies any mischaracterization,

RLF1 24607573v.1

incomplete, or inconsistent characterization of the APA.   Kronos is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 of the Complaint and, therefore, denies such allegations.

43.   Kronos is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint or the referenced email which is not attached to the Complaint and, therefore, denies such allegations. The allegations of paragraph 43 of the Complaint seek to characterize an email, which speaks for itself and, therefore, no further response is required.   Kronos refers to the email for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.   To the extent a response is required, Kronos denies the allegations of paragraph 43 of the Complaint.

44.   Kronos is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint or the referenced email which is not attached to the Complaint and, therefore, denies such allegations. The remaining allegations of paragraph 44 of the Complaint seek to characterize an email, which speaks for itself and, therefore, no further response is required.   Kronos refers to the email for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.   To the extent a response is required, Kronos denies the allegations of paragraph 44 of the Complaint.

RLF1 24607573v.1

45.     Denied, except Kronos admits that the Martin Luther King, Jr. – Los Angeles Healthcare Corporation was a KTM customer as of December 30, 2013 and that an email exchange between Mr. Larry Florio and Mr. Buchanan occurred in June 2019.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email exchange and/or the APA.

46.     Paragraph 46 of the Complaint purports to characterize an email, which is a document that speaks for itself and, therefore, no further response is required. Kronos refers to the email for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.  To the extent a response is required, Kronos denies the allegations of paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint purports to characterize an email, which is a document that speaks for itself and, therefore, no further response is required. Kronos refers to the email for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.  To the extent a response is required, Kronos denies the allegations of paragraph 47 of the Complaint.

48.     Denied, except Kronos admits that an email exchange between Mr. Park and Mr. Buchanan occurred in October 2019.  Kronos denies any

RLF1 24607573v.1

mischaracterization, incomplete, or inconsistent characterization of the email exchange.

49.    Denied, except Kronos admits that an email exchange between Mr. Park and Mr. Buchanan occurred in October 2019.    Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email exchange.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Kronos admits only that language quoted in paragraph 55 of the Complaint appears in Section 6.7 of the APA.  The remaining allegations of paragraph 55 of the Complaint seek to characterize the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

56.    Denied that Cadient's purported actions were "consistent with Section 6.7 of the Purchase Agreement" and that the analysis identified in paragraph 56 "me[t] the requirements of Section 6.7 of the Purchase Agreement."  Kronos is

without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Complaint and, therefore, denies such allegations.

57.    Kronos is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, therefore, denies such allegations.

58.    Denied that the appraisal identified in paragraph 58 complied with the requirements of the APA.  Kronos is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 58 of the Complaint and, therefore, denies such allegations.

59.    Kronos admits only that, on June 15, 2020, James Buchanan of Cadient Talent emailed a copy of correspondence from Opex Technologies, dated May 28, 2020, to certain Kronos employees.  The remainder of Paragraph 59 purports to characterize an email and/or letter, which are documents that speak for themselves and, therefore, no further response is required.  Kronos refers to the email and/or letter for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.  To the extent a response is required, Kronos denies the remaining allegations of paragraph 59 of the Complaint.

60.    Paragraph 60 purports to characterize an email, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers

to the email for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the email.  To the extent a response is required, Kronos denies the remaining allegations of paragraph 60 of the Complaint.

61.    Denied.

## COUNT I
### (Breach of Purchase Agreement – Damages)

62.    Kronos re-alleges and incorporates by reference its responses to the allegations of the Complaint set forth above as if fully set forth herein.

63.    Paragraph 63 of the Complaint purports to characterize certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the extent a response is required, Kronos denies the allegations of paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint purports to characterize certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the extent a response is required, Kronos denies the allegations of paragraph 64 of the Complaint.

RLF1 24607573v.1

65.     Denied.

66.     Paragraph 66 of the Complaint purports to characterize certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the extent a response is required, Kronos denies the allegations of paragraph 66 of the Complaint.

67.     Denied.

68.     Denied.

69.     Denied.

## COUNT II
### (Breach of Contract – Injunctive Relief)

70.     Kronos re-alleges and incorporates by reference its responses to the allegations of the Complaint set forth above as if fully set forth herein.

71.     Denied as to the second sentence of paragraph 71 of the Complaint. The remaining allegations of paragraph 71 of the Complaint purport to characterize certain terms of the APA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the APA for the content thereof. Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.  To the extent a response is required, Kronos denies the allegations of paragraph 71 of the Complaint.

- 16 -

72.     Kronos admits only that language quoted in paragraph 72 of the Complaint appears in Section 10.12 of the APA.  Kronos refers to the APA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the APA.

73.     Denied.

**COUNT III**
**(Breach of Transition Services Agreement – Damages)**

74.     Kronos re-alleges and incorporates by reference its responses to the allegations of the Complaint set forth above as if fully set forth herein.

75.     Paragraph 75 of the Complaint states a legal conclusion to which no response is required.  To the extent the allegations contained in paragraph 75 of the Complaint seek to characterize the TSA, the TSA is a document that speaks for itself. Kronos refers to the TSA for the content thereof.   Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the TSA.  To the extent a response is required, Kronos denies the allegations of paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint purports to characterize certain terms of the TSA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the TSA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the

TSA.  To the extent a response is required, Kronos denies the allegations of paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint purports to characterize certain terms of the TSA, which is a document that speaks for itself and, therefore, no further response is required.  Kronos refers to the TSA for the content thereof.  Kronos denies any mischaracterization, incomplete, or inconsistent characterization of the TSA.  To the extent a response is required, Kronos denies the allegations of paragraph 77 of the Complaint.

78.    Denied.

79.    Denied.

## PRAYER FOR RELIEF

Paragraphs (A) through (D) of the Prayer for Relief section of the Complaint set forth the relief requested by Cadient, to which no further response is required. To the extent that a response is required, Kronos denies that Cadient is entitled to any of the requested relief.

## KRONOS' AFFIRMATIVE/ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise have under applicable law, Kronos asserts the following affirmative/additional defenses.  By designating these matters as "defenses," Kronos does not suggest either that Cadient does not bear the burden of proof as to such matters or that such matters are not

RLF1 24607573v.1

elements that Cadient must establish in order to make out a prima facie case against Kronos.

### First

Cadient's claims fail to state a claim upon which relief can be granted.

### Second

Cadient's claims are barred, in whole or in part, by the terms of the APA and/or TSA.

### Third

Cadient's claims are barred by the doctrine of estoppel.

### Fourth

Cadient's claims are barred because Cadient has not suffered any damage as a result of the allegations in the Complaint.  In the alternative, if Cadient has been harmed as alleged (and denied), the harm was caused in whole or in part by Cadient's own actions or inactions and Cadient, therefore, is not entitled to relief.

### Fifth

Cadient's claims are subject to setoff and/or recoupment.  Any damages claimed by Cadient must be offset by all damages incurred by Kronos because of Cadient's failure to perform all of its obligations under and/or comply with the terms of the APA and/or TSA.

**Sixth**

The APA prohibits the damages that Cadient seeks.

**Seventh**

Cadient may not recover on its claims, in whole or in part, because Cadient failed to mitigate any damage claims it may have against Kronos.

**Eighth**

Cadient's claims are barred because it is in breach of the terms of the contracts that it purports to enforce though this action.

**Ninth**

Cadient's claims are barred because Cadient cannot show that it will suffer any irreparable harm as a result of the allegations in the Complaint.

## RESERVATION OF RIGHTS

Kronos reserves the right to assert additional defenses that may become known during discovery.  Kronos also reserves the right to amend these defenses.

WHEREFORE, Kronos denies that Cadient is entitled to the relief demanded in the Complaint, or any other relief.  Accordingly, Kronos respectfully requests that the Court enter judgment in Kronos' favor on each Count of Cadient's Complaint and grant the relief requested therein, enter judgment in Kronos' favor, and award Kronos its costs, attorneys' fees, and other expenses incurred in this action, and grant

such other and further relief that the Court deems just and appropriate in the circumstances.

*/s/ Susan M. Hannigan*

Susan M. Hannigan (#5342)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
hannigan@rlf.com

*Attorneys for Kronos Talent Management, LLC and Kronos Incorporated*

Of Counsel:

Paul D. Popeo
Bryana T. McGillycuddy
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
bmcgillycuddy@choate.com

Date:  January 12, 2021

RLF1 24607573v.1